# CRIMINAL CASES.

## Edward P. Jeffries *vs.* The Commonwealth.

An indictment which charges that the defendant, at Boston in the county of Suffolk, with intent to cheat certain persons, of said Boston, out of certain property, did pretend and represent to them that he was a merchandise broker and had an order from certain persons in New York to purchase for them a quantity of such property, and that he " then and there " by sundry false pretences obtained from the said persons of Boston their said property, shows with sufficient certainty that the offence was committed in Boston, and not in New York.

An indictment which purports by its caption to have been found at the superior court begun and holden at the city of Boston within and for the county of Suffolk, on a particular day, and which commences by saying " The jurors for the Commonwealth of Massachusetts on their oath present," sufficiently shows that it was returned by the grand jury for the county of Suffolk; and if the record of the case shows that the indictment was found at the term beginning on that day, and the records of the court show that a proper number of persons, having been legally drawn and summoned to serve as grand jurors, appeared and were sworn and afterwards returned indictments, it sufficiently appears of record that the grand jurors were qualified to find such indictment.

So if the record of a criminal case shows that a jury was empannelled and sworn to try the issue, (naming them,) who returned a verdict of guilty, and the records of the court show that those persons having been legally drawn and summoned to serve as traverse jurors came into court and answered to their names, it sufficiently appears of record that the jurors were qualified to serve in the case.

*It seems,* that after a conviction for a felony not capital, no formal inquiry need be put to the prisoner, before sentence, what he has to say why judgment should not proceed against him; but, however this may be, no advantage can be taken of the omission by a prisoner who, after verdict and before sentence has moved to set aside the verdict on the ground that it was against the evidence and the law, and moved in arrest of judgment, and filed exceptions.

If the records of the superi : court show that at a particular term thereof, " the Honorable

Thomas Russell presiding," a conviction for crime was had, it sufficiently appears of record that he was a justice of that court.

If the record of a criminal case shows that the defendant was present at the arraignment and present to receive his sentence after conviction, it is not necessary that it should state in direct terms that he was present at the rendition of the verdict, and during all the previous proceedings of the trial.

WRIT OF ERROR to reverse a judgment rendered against the plaintiff in error in the superior court upon an indictment against him for obtaining goods under false pretences. The following was the assignment of errors :

" 1. That the first count of the indictment aforesaid, and the matter therein contained, are not sufficient in law to warrant the judgment against him, or to convict him of the crime of obtaining goods by false pretences, as therein alleged.

" 2. That in the first count of said indictment there is no averment that the acts therein alleged were done and committed at any place within the jurisdiction of said superior court, or at any place within the Commonwealth.

" 3. There is no sufficient averment, in the first count of said indictment, of the place where the acts therein alleged were done and committed.

" 4. That in the first count of said indictment there is no sufficient description of the property, or of the value thereof, therein alleged to have been obtained by the plaintiff in error, by the false pretences therein alleged.

" 5. That the material parts and allegations, contained in the first count of said indictment, are repugnant one to the other, and therefore void.

" 6. That the record is insufficient in this : that it does not appear therein that the jurors were good and lawful men, or were such as are authorized by law to sit as jurors for the trial of an issue, or were jurors of the said county of Suffolk.

" 7. That there is a total omission in said record of the *allocutus*, or demand of the defendant what he has to say why judgment should not proceed against him.

" 8. That it does not appear in said record that the said Jeffries, then defendant, was present in court when sentence was passed against him.

" 9. That it nowhere appears in the record of the superior court, begun and held at the city of Boston, within and for the county of Suffolk, for the transaction of criminal business, on the first Monday of January, A. D. 1864, that the grand jurors who found, presented and returned said indictment at said term were grand jurors of the said county of Suffolk, nor that they were good and lawful men, or such as were qualified by law to serve as grand jurors in said county of Suffolk.

" 10. That the said record and process is erroneous, informal and void, in other respects."

The caption of the indictment was as follows: " Commonwealth of Massachusetts. Suffolk to wit. At the superior court begun and holden at the city of Boston within and for the county of Suffolk for the transaction of criminal business on the first Monday of January in the year of our Lord one thousand eight hundred and sixty-four."

The indictment then proceeded to set forth, in the first count, that " The jurors for the Commonwealth of Massachusetts on their oath present, that Edward P. Jeffries of Boston in the county of Suffolk and Commonwealth aforesaid, merchandise broker, on the nineteenth day of August in the year of our Lord one thousand eight hundred and sixty-three, at Boston aforesaid, in said county of Suffolk," with intent to cheat and defraud George M. Barnard, Horatio Hollis Hunnewell and Hollis Hunnewell, all of said Boston, of and out of certain linseed, did then and there falsely pretend and represent to them that he was a merchandise broker and had received an order from certain persons in New York to purchase in their behalf a large quantity of linseed and then and there offered to purchase of said Barnard and Hunnewells two thousand bags of linseed at a certain price per bushel, and by sundry false pretences induced them to deliver said linseed to him. The latter parts of this count are copied in full in 7 Allen, 549–552.

The record of the case, after reciting the indictment, stated hat " the indictment was found at the last January term, when said Jeffries was set to the bar and having said indictment read to him he said thereof he was not guilty and for trial put himself

upon the country, and the Commonwealth did the like by its attorney, George P. Sanger, Esquire. Here in court a jury was thereupon empanelled and sworn to try the issue, to wit: [the names of the jurors were here given,] who after hearing and understanding all matters and things concerning the same returned their verdict and on oath said that Jeffries was guilty on the first and second counts of said indictment, and not guilty on the third count thereof.

" This indictment was then continued to the last February term, when, after verdict but before judgment, the defendant moved the court to set aside said verdict, because the same was not supported by any evidence which warranted the jury in finding that the false pretences charged in the indictment were proved, and because the verdict was against the evidence in the case and not sustained by the evidence and was against the law. The court having considered this motion overruled the same.

" And after verdict but before judgment the defendant comes and moves the court that no judgment be rendered on said verdict, but that all judgment thereon may be arrested, because the indictment does not set forth or charge that the defendant committed any offence known to or against the laws of this commonwealth. The court having considered this motion overruled the same.

" Whereupon the said defendant by his attorneys, Benjamin F. Thomas, Esquire, and Edward D. Sohier, Esquire, filed a bill of exceptions to the rulings of the presiding justice at the trial, and prayed that they might be allowed, and the same were allowed. Which said bill of exceptions is on file in the clerk's office of said court.

" This case was then continued from term to term to the present April term, and now the following rescript is received from the supreme judicial court: ' Exceptions as to second count in the indictment sustained. Exceptions and motion in arrest of judgment as to the first count in the indictment overruled. Case to stand for judgment on the first count if a *nol. pros.* shall be entered on the second count.' The district attorney, George P. Sanger, Esquire, says he will prosecute the second count of

this indictment no further.   And now the said Jeffries is set to the bar to receive sentence, and it is thereupon considered by the court that the said Jeffries, for his offence as set forth in said first count of this indictment, be punished by imprisonment in the state prison in Charlestown, in the county of Middlesex, for the term of two years, the first day of said term to be in solitary imprisonment, and the residue thereof at hard labor, and that he stand committed until he be removed in pursuance of said sentence."

The records of the January term of the superior court contained the following : " Commonwealth of Massachusetts.  Suffolk, to wit.   At the superior court begun and holden at the city of Boston within and for the county of Suffolk for the transaction of criminal business on the first Monday of January in the year of our Lord one thousand eight hundred and sixty-four, the Honorable Thomas Russell presiding.   The following named persons, having been legally drawn and summoned to serve as grand jurors, came into court and answered to their names, to wit."   [Here followed the names of twenty persons.]   " The court ordered a new *venire* to issue for three additional grand jurors."   " The grand jurors were sworn agreeably to the statute, and having received the instructions from the court retired to commence their investigations."   [The record showed that three other grand jurors appeared and were sworn.]   " The grand jurors came in, presented forty-seven bills of indictment." " The following named persons, having been legally drawn and summoned to serve as traverse jurors, came into court and answered to their names."   [Here followed the names, including all of those who served at the trial of the plaintiff in error, except one, who was summoned on a new *venire*.]

The attorney general pleaded that there was no error in the record or proceedings aforesaid, nor in the giving judgment aforesaid.   And thereupon the case was reserved for the consideration of the full court.

*G. A. Somerby*, for the plaintiff in error.   The second and third errors are well assigned.   Every material fact must be stated with time and place.  *The Queen* v. *O' Connor*, 5 Q. B. 3*1*

The place must be stated in such manner as to show that the court has jurisdiction of the crime. In this indictment, all acts after the first allegation of place are laid at the city of New York. They are pleaded with a " then and there." If the indictment refers to both places it is impossible; and if to only one place it must refer to the place last named, and then it is insensible. *Ogle's case,* 2 Hale P. C. 180. *Longe* v. *Atkins,* Com. Dig. Parols, A, 14 ; 2 Rol. Ab. Parols, E, *pl.* 10 ; 16 Vin. Ab. (2d ed.) 209, *pl.* 10. *Mancester* v. *Daper,* 2 Rol. Ab. Parols, E, *pl.* 9 ; Com. Dig. Parols, A, 14. *Garret* v. *Johnson,* 1 Ld. Raym. 576. *Walford* v. *Anthony,* 8 Bing. 75. *The King* v. *Graham,* 1 Leach, (4th ed.) 87. *State* v. *Jackson,* 39 Maine, 291. *Jane* v. *State,* 3 Missouri, 61. *State* v. *McCracken,* 20 Missouri, 411.

Error lies where it does not appear on the record that the grand jurors, and also the traverse jurors, were good and lawful men, and were of the county. 2 Hale P. C. 167, 264. Archb. Crim. Pl. (14th Lond. ed.) 31, 165. 2 Hawk. *c.* 25, § 126. *Whitehead* v. *The Queen,* 7 Q. B. 582.

Error may well be assigned on the omission of the *allocutus.* *The King* v. *Speke,* Holt, 269 ; *S. C.* 3 Salk. 358. Archb. Crim. Pl. (14th Lond. ed.) 165. 4 Bl. Com. 375. 2 Gabbett Crim. L. 532. *Rex* v. *Geary,* 2 Salk. 630 ; *S. C.* 1 Show. 131. *Rex* v. *Royce,* 4 Burr. 2086. *The King* v. *Garside,* 2 Ad. & El. 269. *O'Brien* v. *The Queen,* 2 H. L. Cas. 465, 470, 494. *Safford* v. *The People,* 1 Parker C. C. 474.

It nowhere appears that the grand jurors were then and there sworn and charged, nor for what county. *The People* v. *Guernsey,* 3 Johns. Cas. 265. *The King* v. *Morris,* 2 Stra. 901. 2 Hawk. *c.* 25, § 126. It does not appear that the plaintiff in error was present when the verdict was rendered, or at all of the proceedings subsequently to the arraignment. *Sperry* v. *Commonwealth,* 9 Leigh, (Va.) 623 ; *S. C.* 2 Bennett & Heard's Lead. Crim. Cas. 449, and *note.* It does not appear that Hon. Thomas Russell was a justice of the superior court, or that any justice of that court was present at the trial. *Van Sandau* v. *Turner* 6 Q. B. 773. *Turns* v. *Commonwealth,* 6 Met. 228.

*Reed*, A. G., for the Commonwealth.

DEWEY, J.* The plaintiff in error seeks to reverse a judgment rendered against him in the superior court holden at Boston, within and for the county of Suffolk, on.the first Monday of April 1864. Various special causes of error are assigned, as well as the general allegation that " the said record is erroneous, informal and void," under which additional causes were stated at the hearing of the case. To these alleged errors, the attorney general by his plea in reply, says, " There is no error in the record or proceedings, nor in the giving judgment in manner and form as the plaintiff has alleged."

As to the first error assigned, except so much of it as is embraced in the second and third assignment of errors, it has been heretofore considered by us on the motion in arrest of judgment filed by the plaintiff in error, before sentence, and the objection overruled.

The second and third grounds of error assigned may properly be considered together, and are, substantially, that in the indictment there is no averment that the acts therein alleged were done and committed at any place within the jurisdiction of said superior court, or at any place within the Commonwealth, and the place where the acts therein alleged were done is omitted to be stated, as is required by the rules of criminal pleading.

The principle of law upon which the counsel for the plaintiff in error would support this objection is well stated by them, " that every material fact must be stated, with time and place." In the cases cited by them, the court found the indictments defective in this respect. The inquiry arises, is it so in the present case? We find the allegation of place fully and distinctly stated in the venue. The indictment alleges that the defendant therein, " at Boston in the county of Suffolk " did then and there unlawfully, knowingly and designedly make the false pretences which are set forth. Then follow the recitals of the false representations alleged to have been made by him, and it is only in those recitals of the language of his false pretences that any other

---

* GRAY, J. did not sit in this case.

locality is named than Boston. The present is not a case where two distinct times and places have been stated in the indictment at which the substantial offence has been committed. The introduction of the city of New York was merely a recital of his alleged false pretence that he had received an order from certain persons residing in New York to purchase for them two thousand bags of linseed. Upon no sound principle of construction can we hold that such recital makes uncertain the place of the alleged offence, or the application of the various subsequent allegations in the indictment of the acts of the defendant to any other place than the place originally named — " Boston, in the county of Suffolk." We are to give effect to the time and place alleged in the venue as applicable to subsequent parts of the indictment when no other place is named to which they may equally, or, as the case may be, directly refer. *Commonwealth* v. *Lamb,* 1 Gray, 493. *Commonwealth* v. *Doherty,* 10 Cush. 52.

The acts of the defendant in the indictment are not, as is assumed on the part of the defendant, alleged to have occurred in the city of New York. Nothing countenances this, but on the contrary the whole tenor of the indictment is that the statements of the defendant alleged therein as to any order from New York were false statements by him made in Boston, and by means of which he in Boston fraudulently acquired the possession of the property of the persons to whom the false pretences were made. If it be said that the words " then and there," found in the indictment after the naming of the city of New York as the residence of the persons alleged in the indictment to have authorized the defendant to purchase such linseed, grammatically and therefore legally refer to the next antecedent, that must be taken with some qualification, as was stated by this court in *Commonwealth* v. *Call,* 21 Pick. 515, where it was held that words must be referred to that antecedent to which the tenor of the indictment and the principles of law required it should refer, whether exactly according to the rules of syntax or not. Certainly, in looking for an antecedent for other distinct allegations in the indictment, we are not required to regard as such a

statement of place which occurs solely in the recital of the words alleged to have been used by the defendant, as the false pretences by which he fraudulently acquired the property of another, and descriptive merely of the locality of his alleged principals.

The fourth and fifth errors assigned are clearly unfounded, and were not pressed in the argument.

The sixth and ninth errors assigned seek to reverse the judgment for insufficiency of the record as to the names of the persons and the legal qualifications and competency of the grand jurors who found the indictment, and of the jury of trials by whom the verdict was rendered. The cases of *Turns* v. *Commonwealth*, 6 Met. 225, and *Commonwealth* v. *Edwards*, 4 Gray, 1, fully dispose of these objections, and show them to be unavailing.

The eighth error assigned is not correct as to the fact assumed, and requires no further answer.

The seventh error assigned is, that there is a total omission on the record of the *allocutus*, or demand of the defendant " what he has to say why judgment should not proceed against him."

The attempt to avoid a judgment by a writ of error for such omission is novel in this commonwealth, and is so strongly urged as to require of us a full consideration. As to the practice of propounding such a question, as well as the introduction of the names of the jurors in an indictment, and other forms of proceedings in conducting criminal trials, we must be governed by our own well settled rules, rather than by those of the English courts, or those of the states that have followed the English precedents.

No such recital on the record has been deemed necessary here, nor has such fact usually been stated, except in capital trials. We do not understand that in felonies not capital any formal question corresponding to that stated is required to be put to the defendant upon his conviction by the jury and before sentence. Practically, full opportunity is to be given for assigning reasons why judgment should not proceed against him, and the opportunity is secured by the course of proceedings in each case. Sentence is not pronounced until the party has had ample opportunity to move for a new trial for any p roper cause, and to file his

exceptions to the rulings in matters of law, or a motion in arrest of judgment.

A recurrence to the cases cited, so far as examined, would lead us to suppose that it was in capital cases that this error has been held fatal to the judgment. The doctrine as stated in 4 Bl. Com. 375, 1 Chit. Crim. L. 700, and 1 Archb. Crim. Pr. 180, applies to such cases. The case of *Rex* v. *Royce,* 4 Burr. 2086, and the case in 3 Mod. 265, were capital cases.

But however that may be, and independently of any practice of our own in this matter, the recitals on this record do show all that can be necessary. They establish the fact either of such demand, or a waiver of it, as the defendant did attempt to show cause why judgment should not proceed against him. He moved the court for a new trial upon the ground that the verdict was against the evidence and against law. He filed successively a motion in arrest of judgment for alleged insufficiency of the indictment, and a bill of exceptions, and upon all these was fully heard.

The objections taken under the general assignment of errors are all equally unavailing.

There is no such defect in the record, in stating the name and office of Honorable Thomas Russell, the presiding judge at the trial, as will avoid this judgment. The record connects him with the superior court, and as the presiding justice at the trial.

Nor is it necessary that the record should in direct terms state hat the party was personally present at the time of the rendion of the verdict, and during all the previous proceedings of the trial. However necessary it may be that such should have been the fact, it is not necessary to recite it in the record. The record shows that he was present at the arraignment, and present to receive his sentence.

A suggestion was made by the court at the argument, that, as the plaintiff in error had already been heard on a motion in arrest of judgment, and that motion been overruled, the party could not by writ of error raise any question which was open to him on such motion in arrest of judgment. In the view we have taken of the errors assigned, it has become unnecessary to consider that question, and no opinion is given upon that point.